UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 02-21769-CIV-MARRA

MAGISTRATE JUDGE SELTZER

NICOR INTERNATIONAL CORPORATION
and CONSULTORES DE LA CUENCA DEL
CARIBE a/k/a CARIB CONSULT,

        Plaintiffs,

v.

EL PASO CORPORATION f/k/a OCEANO
CORPORATION or THE COASTAL
CORPORATION (later THE EL PASO
ENERGY CORPORATION),

        Defendants.

_____/

**COASTAL'S MEMORANDUM IN SUPPORT OF**
**ITS MOTION FOR ENTRY OF PERMANENT INJUNCTION**

Counter-plaintiff, The Coastal Corporation (hereinafter "Coastal"), files this memorandum pursuant to this Court's Order on Counter-plaintiff/defendant's Emergency Motion for Entry of Judgment entered on May 25, 2004 (the "Order") and this Court's June 15, 2004 Order Adopting Proposed Briefing Schedule. In this memorandum Coastal provides support for its request that the final judgment in this matter contain a permanent injunction restraining counter-defendants Nicor International Corporation ("Nicor") and Consultores de la Cuenca del Caribe ("Carib") from continuing with the Dominican Republic litigation.[1]

---

[1] Coastal's request for a permanent injunction is contained in the addendum clause to Count I of its counterclaim as well as in its Emergency Motion for Entry of Judgment filed on December 12, 2003 (the "Emergency

## PRELIMINARY STATEMENT

This Court has twice ruled that Coastal is entitled to summary judgment on its claim seeking confirmation of the Final Arbitration Award dated August 13, 2001.[2] *See Nicor International Corporation, et al. v. El Paso Corporation*, 292 F. Supp.2d 1357 (S.D. Fla. 2003) (*Nicor I*) and *Nicor International Corporation, et al. v. El Paso Corporation*, 2004 W.L. 1161842 (S.D. Fla. May 25, 2004) (*Nicor II*). Eleventh Circuit precedent provides, and this Court has explicitly recognized, that upon the entry of a judgment on the merits a federal district court may enjoin parallel foreign litigation so as to protect the integrity of its orders. It has also been held that an anti-suit injunction is appropriate in order to protect important public policy interests of the forum.

Counter-defendants continued prosecution of the Dominican Republic litigation is in deliberate and flagrant disregard of this Court's decision confirming the Final Arbitration Award. Nicor and Carib are simply attempting to circumvent this Court's ruling that Coastal did not breach the Professional Services Agreement and that counter-defendants' prosecution of the Dominican Republic litigation is a breach of that agreement rendering them liable in damages to Coastal. In order to protect the integrity of this Court's ruling, it should issue a final judgment which enjoins Nicor and Carib from proceeding with the Dominican Republic litigation. *Mutual*

---

Motion"). The Court's Order sought direction on how it should handle Coastal's request for a permanent injunction and any other remaining issues. Because the Court has already granted summary judgment confirming the Final Arbitration Award this memorandum shall not address the issue of damages to which Coastal is entitled but only the issues raised by the request for permanent injunction. All other issues were fully addressed by Coastal in its Emergency Motion. Coastal seeks the entry of a final judgment in the form attached as Exhibit 1.

[2] The Final Arbitration Award was issued by the International Court of Arbitration ("ICA") of the International Chamber of Commerce ("ICC") in the arbitration case styled *The Coastal Corporation (USA) v. Nicor International Corporation (Panama) and Consultores de la Cuenca del Caribe, S.A. a/k/a Carib Consult (Dominican Republic)*, Case No. 10681/KGA.

2

*Service Insurance Company v. Frit Industries, Inc.*, 358 F.3d 1312, 1324-1325 (11th Cir. 2004). In addition, such a permanent injunction is necessary to protect Florida's strong public policy in favor of arbitration. *Laker Airways, Ltd. v. Sabena Belgium World Airlines*, 731 F.2d 909, 931 (D.C. Cir. 1984).

### PROCEDURAL AND FACTUAL BACKGROUND

The Court set forth the relevant facts in this case in *Nicor I*. This section shall only highlight the facts relevant to the issuance of injunctive relief sought herein. Unless otherwise noted the facts are derived from the *Nicor I* decision.

On January 22, 1993, Coastal and Nicor entered into a Professional Services Agreement ("PSA") under which Nicor agreed to provide prospective consulting services to Coastal. The PSA contains the following arbitration provision:

> Any dispute arising in connection with this Agreement shall be finally settled under the Rules of Conciliation and Arbitration of the International Chamber of Commerce by a single arbitrator appointed in accordance with said Rules. The arbitration proceeding shall take place in the City of Dallas, Texas, U.S.A. and be conducted in English.

PSA ¶ 6.

By letter dated August 9, 1995, Nicor asserted that Coastal was in breach of the PSA. On August 18, 1995, Nicor presumably assigned its rights under the PSA to Carib. On September 29, 1995, Carib filed suit in the Dominican Republic against Coastal based on the alleged breach of the PSA.

Although the trial court in the Dominican Republic first ruled that it did not have jurisdiction to hear and decide the lawsuit because of the agreement to arbitrate, the Dominican

3

Republic Appellate Court "repealed" the lower court's judgment based, in part, on its finding that Coastal had "renounced" arbitration.

On October 4, 1999, Coastal submitted a Request for Arbitration before the ICA of the ICC naming both Nicor and Carib as respondents. The Request for Arbitration dealt with identical issues raised in the Dominican Republic litigation. On December 14, 2000, the arbitrator entered an Award on Jurisdiction finding that Coastal had not waived its rights to arbitrate and that it had jurisdiction to hear the parties' dispute. On August 13, 2001, the arbitrator issued a Final Award finding in favor of Coastal on all issues with respect to the claimed breach of the PSA.

On September 6, 2001, the Dominican Republic Court of Appeals issued a "sentence" in favor of Nicor wherein the Court declared that Coastal had breached the PSA and was liable for unspecified damages arising out of the breach.

Nicor and Carib subsequently instituted the instant action seeking to "domesticate" the Dominican Republic sentence as well as alleging numerous causes of action sounding in tort as well as a Florida RICO violation. Coastal immediately answered and filed a counterclaim seeking confirmation of the arbitration award. Coastal then moved for summary judgment on all of Nicor and Carib's claims as well as for summary judgment on its claim to confirm the arbitration award. On November 24, 2003, this Court granted Coastal's motions for summary judgment. *See Nicor I*.

Despite the *Nicor* I decision, Nicor and Carib have continued to prosecute the Dominican Republic litigation. On December 12, 2003, Coastal moved for the entry of a judgment seeking a permanent injunction restraining Nicor and Carib from proceeding with the Dominican

Republic litigation. On May 25, 2004, this Court denied counter-defendants' motion for reconsideration (*Nicor* II) and entered the Order so that Nicor and Carib would have notice of the claim for permanent injunction and have an opportunity to address the issue.

## ARGUMENT

## COASTAL IS ENTITLED TO AN INJUNCTION PROHIBITING NICOR AND CARIB FROM PROCEEDING WITH THE DOMINICAN REPUBLIC LITIGATION

### A.   The Court is Authorized to Enter a Permanent Injunction.

Under the All Writs Act, "the Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C.A. § 1651(a) (2002). The Act empowers district courts to enjoin persons subject to their jurisdiction from prosecuting foreign suits. *Commercializadora Portimex, S.A. v. Zen-Noh Grain Corp.*, 202 W.L. 31697710 (E.D. L.A. Dec. 3, 2002). It is well settled among the circuits which have reviewed the grant of an anti-suit injunction that federal courts have the power to enjoin persons subject to the jurisdiction from prosecuting foreign suits. *Mutual Service, supra; Laker Airways, supra; Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624 (5th Cir. 1996); *Gau Shan Co., Ltd. v. Bankers Trust Co.*, 956 F.2d 1349 (6th Cir. 1992); *China Trade & Development Corp. v. M.V. Choong Yong*, 837 F.2d 33 (2nd Cir. 1987); *Seattle Totems Hockey Club, Inc. v. National Hockey League*, 652 F.2d 852 (9th Cir. 1981) (*cert. denied*), 457 U.S. 1105, 102 Sup. Ct. 2902, 73 L. Ed.2d 1313 (1982). Indeed, this Court in its Order explicitly recognized the Court's inherent authority to issue such an injunction when it stated:

5

> Additionally, the fact that the Final Arbitration Award did not award injunctive relief to Coastal is of no moment since the Court has the inherent authority to enjoin parties from pursuing litigation in a foreign tribunal in appropriate circumstances. (*citing Mutual Service, supra,* and *Laker Airways, supra.*)

Order, p.2

In the seminal case on the issue, *Laker Airways*, the D.C. Circuit identified two circumstances where injunctions are appropriate: (1) in order to protect the jurisdiction of the enjoining court, or (2) to prevent a litigant's evasion of the important public policies of the forum. *Laker Airways*, 731 F.2d at 927. Both circumstances are here present and militate in favor of an injunction.

**B.     The Injunction is Necessary to Protect the Integrity of this Court's Order.**

With respect to the protection of jurisdiction, the *Laker Airways* court recognized that the request for an anti-suit injunction may arise either before or after a judgment has been entered in a case. In that regard, the court concluded that:

> The policies that guide the exercise of discretion vary slightly in each situation. When the injunction is requested after a previous judgment on the merits, there is little interference with the rules favoring parallel proceedings in matters subject to concurrent jurisdiction. ***Thus, a court may fully protect the integrity of its judgments by preventing their evasion through vexatious or oppressive relitigation.*** (emphasis added.)

*Laker Airways*, 731 F.2d 927-928.

It is exactly this policy that the Eleventh Circuit cited in *Mutual Service* when it affirmed the issuance of an anti-suit injunction after the entry of a judgment. The *Mutual Service* case involved an insurance claim in which the issue of the duty to defend was being litigated. Certain foreign insurers were litigating the identical issue with respect to identical parties on the Isle of

6

Man. After the district court issued its final ruling on the issue of the duty to defend, plaintiffs requested that the foreign insurers be permanently enjoined from continuing to litigate that issue on the Isle of Man. In affirming the district court's grant of an anti-suit injunction, the Eleventh Circuit stated:

> The district court issued the injunction *after* it issued its opinion on the duty to defend the issue. Abstention at this point would be illogical, because the district court had already issued a binding decision on the same issue Inter-Industry was trying to litigate in the Isle of Man.
>
> ... In this case, the "only conceivable benefit that [the foreign defendants] would reap if the district court's injunction were overturned would be the right to attack the pending United States action in a foreign court." *Laker Airways*, 731 F.2d at 915. We hold that the district court did not abuse its discretion in issuing the permanent injunction.
>
> *Mutual Service*, 358 F.3d at 324-325.

Thus, in *Mutual Service*, the Eleventh Circuit recognized that a district court should protect the integrity of its orders by issuing anti-suit injunctions.

In *Nicor I*, this Court found that the Dominican Republic proceeding was contrary to the parties' agreement and that the Final Arbitration Award should be confirmed. *Nicor I*, 292 F. Supp.2d at 1367 and 1371. The only purpose of Nicor and Carib's continued prosecution of the Dominican Republic litigation is to circumvent this Court's ruling. Under these circumstances it is appropriate to enter an anti-suit injunction. *See Mutual Service, supra. See also, Four Seasons Hotels and Resorts v. Consorcio Barrsa*, 267 F. Supp.2d 1335 (S.D. Fla. 2003) (Judge Moore enters an anti-suit injunction preventing foreign litigation upon confirming an arbitration award).

C.   **The Injunction is Necessary to Protect Florida's Public Policy Favoring Arbitration.**

In *Laker Airways* the D.C. Circuit also concluded that "anti-suit injunctions are also justified when necessary to prevent litigant's evasion of a forum's important public policies." *Laker Airways*, 731 F.2d at 931. As an example, *Laker Airways* identified that an anti-suit injunction would be appropriate if the primary purpose of the foreign action is to avoid the regulatory effect of the domestic forum's statutes. *Laker Airways*, 731 F.2d at 932, fn. 73. *Laker Airways* went on to find that when considering the factor of public policy:

> The only guideline which emerges is the necessity of evaluating the merits of each claim in light of particular equitable circumstances surrounding the dual litigation. ... An impermissible evasion is much more likely to be found when the party attempts to elude compliance with a statute of specific applicability upon which the party seeking an injunction may have relied, and which is designated to effectuate important state policies.

*Lake Airways*, 731 F.2d at 932, fn. 73.

The Court should enjoin Nicor and Carib from proceeding with the Dominican Republic litigation in order to protect Florida's strong public policy in favor of arbitration. In *Nicor II*, this Court recognized that "there is a strong public policy in the State of Florida in favor of arbitration in a means of settling disputes (citations omitted)." *Nicor II* at *3. Furthermore, this Court recognized that:

> The decision by the court of the Dominican Republic which Plaintiffs asked this Court to recognize is antithetical to the strong public policy in the State of Florida favoring arbitration. ... ***The decision of the Dominican court to find a waiver of arbitration based on an insubstantial set of facts imbued with uncertainty was contrary and offensive to Florida's strong public policy to resolve all doubts about waiver in favor of arbitration.*** (emphasis added)

*Nicor II* at *4.

8

Nicor and Carib's insistence on continuing to litigate in the Dominican Republic is in deliberate disregard of Florida's strong policy consideration favoring arbitration. Indeed, Coastal relied on the policy favoring arbitrations when it entered into the PSA and agreed to the arbitration provision. It is exactly this type of public policy consideration that militates in favor of granting an anti-suit injunction. *Laker Airways, supra.*

## CONCLUSION

Based upon the foregoing argument and authority, Coastal seeks the entry of a Final Judgment that confirms the orders of the Arbitration Award as well as enjoining Nicor and Carib from proceeding with the Dominican Republic litigation and requiring them to dismiss that litigation.

Respectfully submitted,

GREENBERG TRAURIG, P.A.
Attorneys for Defendants/Counter-plaintiffs
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

By: _____
PEDRO J. MARTINEZ-FRAGA
Florida Bar No. 752282
LUIS M. O'NAGHTEN
Florida Bar No. 622435

and

Micael S. Yauch, Esq.
Co-Counsel for Defendants/Counter-plaintiffs
2431 Addison
Houston, Texas 77030

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served by facsimile transmission and U.S. mail this 21st day of June, 2004, to: **David I. Katzman, Esq.**, Schaden, Katzman, Lampert & McClune, 100 West Big Beaver Road, Suite 130, Troy, Michigan 48084.

_____
LUIS M. O'NAGHTEN

\\MIA-SRV01\712521v02

# EXHIBIT "1"

# EXHIBIT "1"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 02-21769-CIV-MARRA

MAGISTRATE JUDGE SELTZER

NICOR INTERNATIONAL CORPORATION
and CONSULTORES DE LA CUENCA DEL
CARIBE a/k/a CARIB CONSULT,

    Plaintiffs,
v.

EL PASO CORPORATION f/k/a OCEANO
CORPORATION or THE COASTAL
CORPORATION (later THE EL PASO
ENERGY CORPORATION),

    Defendants.
_____/

## **FINAL JUDGMENT**

THIS ACTION came on for summary judgment hearing before the Court, the Honorable Kenneth A. Marra, District Judge, presiding, and the issues having been duly heard and a decision having been duly rendered, it is

ORDERED and ADJUDGED that:

1.    Plaintiffs, Nicor International Corporation ("Nicor") and Consultores de la Cuenca del Caribe a/k/a Carib Consult ("Carib") take nothing by this action and that the Second Amended Complaint be dismissed on the merits.

2.    That counter-defendant, El Paso Corporation or The Coastal Corporation ("Coastal") is entitled to the following:

CASE NO. 02-21769-CIV-MARRA

    (a)  That the Final Arbitration Award issued on August 13, 2001 in the matter styled *The Coastal Corporation (USA) v. Nicor International Corporation (Panama), and Consultores de la Cuenca del Caribe, S.A., aka Carib Consult (Dominican Republic)*, International Court of Arbitration, Case No. 10681/KGA, attached to this order as Exhibit "1", is hereby confirmed and is to be treated as a judgment of this Court;

    (b)  That Coastal recover forthwith from defendants Nicor and Carib, jointly and severally, the sum of $865,218.85, with interest thereon at the annual rate of 1.37% and its costs of the action, all for which let execution issue;

    (c)  That Nicor and Carib are permanently restrained from continuing to prosecute or take any action with respect to the Dominican Republic litigation except that they are mandated to immediately dismiss all legal claims either have presented in the Dominican Republic courts.

  DATED at Fort Lauderdale, Florida, this __ day of July, 2004.

                    _____
                    CLERK OF COURT

Copies furnished to:

Pedro J. Martinez-Fraga, Esq.
Luis M. O'Naghten, Esq.
David I. Katzman, Esq.
John McClune, Esq.